UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ALLEN McMILLIN | CIVIL ACTION |
| versus | NO. 08-1090 |
| MICHAEL BREEN | SECTION: E/4 |

**RULING ON MOTION**

Plaintiff Allen McMillin ("McMillin") filed a motion to remand this matter and for Rule 1447(c) sanctions against the removing party, defendant Michael Breen, ("Breen"). Rec. Doc. #8. The matter was considered on the briefs on an expedited basis. After a review of the law, the record, and the briefs, the Court is prepared to rule. For the reasons that follow, the motions are granted.

**BACKGROUND**

This matter arises from an unfortunate incident that occurred on June 11, 2000.[1] McMillin, a tenant living in a cottage on Breen's property along the bank of the Tangipahoa River, was rendered a quadriplegic when he dove head first into the river during a party at his residence, and struck debris under the water. On June 8, 2001, McMillin, represented by Scott H. Frugé ("Frugé"), filed suit against Breen in the 21st Judicial District Court in Tangipahoa Parish. Breen was personally served with the citation and petition on September 10, 2001. Breen failed to file an answer

---

[1] The facts are taken from Breen v. Hughes, et al, C.A. No. 08-1089, filed in federal district court on February 21, 2008.

or to respond to the lawsuit in any way.[2]  On October 30, 2003, a preliminary default was entered against Breen pursuant to La. C.C.P. art. 1701(A).  On July 26, 2004, a hearing was conducted by Judge Earnest Drake pursuant to La. C.C.P. art. 1702(A) to confirm the default judgment.  By this time, Charles M. Hughes, Jr. ("Hughes") had joined in the representation of McMillin.  After Judge Drake heard testimony from four witnesses (including McMillin) and considered other evidence, he entered judgment in McMillin's favor and against Breen in the amount of $8,585,235.53.  The judgment was affirmed on appeal and is final.[3]

On January 11, 2007, McMillin filed a petition to make the judgment executory and for a writ of fieri facias in Tangipahoa Parish.[4]  On March 3, 2007, Breen removed that case to federal court based on diversity jurisdiction[5] and McMillin filed a motion to remand.[6]  Judge Lance Africk granted McMillin's motion to remand, citing to Barrow v. Hunton, 99 U.S. 80 (1878), Beighley v. F.D.I.C., 868 F.2d 776 (5th Cir. 1989), and Taylor v. Taylor, 2001

---

[2] Breen denies any knowledge or memory of receiving service of process.

[3] McMillin v. Breen, 925 So.2d 776 (La. Ct. App. 1st Cir. 2006), *reh'g denied*, 933 so.2d 285 (La. Ct. App. 1st Cir. 2006), *cert. denied*, 941 So.2d 41 (La. 2006), *reconsideration denied*, 948 So.2d 115 (La. 2007).

[4] *See* McMillin v. Breen, C.A. No. 07-1149, United States District Court, Eastern District of Louisiana (Africk, J.).

[5] As in the matter before this Court, the parties did not dispute that diversity jurisdiction exists.

[6] N.4, *supra*, r.d. #1 and 4.

WL 1491026 (E.D.La. Nov. 21, 2001)(Berrigan, J.).[7]  The Fifth Circuit Court of Appeals dismissed Breen's appeal for lack of subject matter jurisdiction.[8]

On November 27, 2007, McMillin filed a Petition to Make Judgment Executory and for a Writ of Fieri Facias in the 22nd Judicial District Court in St. Tammany Parish, <u>Allen McMillin v. Michael Breen</u>, No. 2007-16388.  R.d. #1-2.  Breen was personally served on February 1, 2008, with a copy of the Petition, a signed Order granting the Writ of Fieri Facias, and a signed Notice of Seizure from the St. Tammany Parish Sheriff's Office.  R.d. #1, Notice of Removal ¶4.  On February 21, 2008, Breen filed "Complaint for Equitable and Declaratory Relief, and Damages, with Demand for Jury Trial" in federal court, <u>Michael Breen v. Charles M. Hughes, Jr., et al</u>, C. A. No. 08-1089, randomly allotted to Section "E".  On that same day, he removed the state court executory action to federal court alleging diversity jurisdiction.  The removed action was assigned Civil Action No. 08-1090 and was randomly allotted to Section "I", then transferred to Section "E" as being related to C.A. No. 08-1089, which had the lower civil action number.[9]  C.A.

---

[7]<u>Id.</u>, r.d. #14.

[8]<u>Id.</u>, r.d. #22.

[9]In his Notice of Removal Breen requests that the cases be consolidated.  The Court has not done so for reasons that are clear from this discussion, *infra*.

-3-

No. 08-1090, r.d. #1, Notice of Removal, ¶9.  McMillin filed this motion to remand and requested for attorney's fees and costs pursuant to 28 U.S.C. §1447(c).

## ANALYSIS

A civil action filed in a state court may generally be removed to federal court if the federal court has original jurisdiction. 28 U.S.C. § 1441(a).  Statutes conferring removal jurisdiction are strictly construed in favor of remand. Shamrock Oil & Gas Corp. v. Sheets, 61 S.Ct. 868 (1941); Manguno v. Prudential Property and Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002).  Jurisdiction is fixed at the time of removal, and the jurisdictional facts supporting removal are examined as of the time of removal. Gebbia v. Walmart Stores, Inc., 223 F.3d 880, 883 (5th Cir. 2000).  The burden is on the removing party to show that federal jurisdiction exists and that removal was proper. De Aguilar v. Boeing Co., 47 F.3d 1404, 1408 (5th Cir. 1995).  Doubts or ambiguities regarding removal are to be construed against removal and in favor of remand. Manguno, 276 F.3d at 723.

I.

Defendant's Opposition to Motion to Remand and Rule 11

Sanctions[10] makes essentially the same arguments he made in McMillin v. Breen, C.A. No. 07-1149, before Judge Africk: that neither Barrow v. Hunton, 99 U.S. 80 (1878), Beighley v. F.D.I.C., 868 F.2d 776 (5th Cir. 1989), nor Taylor v. Taylor, 2001 WL 1491026 (E.D.La. Nov. 21, 2001)(Berrigan, J.) supports remand; that the removed executory action is a wholly separate proceeding from the underlying state lawsuit; and that this Court should exercise its diversity jurisdiction.  The Court rejects Defendant's arguments and adopts as its legal analysis Judge Africk's careful analysis in McMillin v. Breen, C.A. No. 07-1149, at r. d. #14, that is equally applicable here and cannot be improved upon.

The Barrow rule articulates an exception to removal jurisdiction of the federal courts when the removed suit is deemed to be not a separate suit, but a proceeding supplemental to, incidental to, or substantially a continuation of, a prior state suit.  Barrow, 99 U.S. at 82-83.  More than one hundred years later, the Fifth Circuit instructed that "the Barrow rule applies only when an action in federal court seeks to nullify or to enforce the judgment of a *prior* state court suit."  Beighley, 868 F.2d at 781, *superceded by statute on other grounds as stated by* Tedford v. Warner-Lambert Co., 327 F.3d 428 n.14 (5th Cir. 1989).  This removed

---

[10]Plaintiff has not moved for sanctions pursuant to Fed. R. Civ. P. Rule 11, but for attorney's fees and costs pursuant to 28 U.S.C. 1447(c).  *See* discussion at II. *infra.*

-5-

lawsuit seeks to enforce the final executory judgment of a *prior* state court suit.  It is not a separate matter from that state court suit, and is only tangentially related to Breen v. McMillin, C.A. No. 08-1089, in that the damages claimed in that suit flow from the alleged denial of Breen's constitutional due process rights in the prior state court litigation.  Having failed to exercise his right to defend and litigate the lawsuit in state court, it is far too late for Breen to now attempt to nullify that judgment in federal court.[11]  The federal court does not have subject matter jurisdiction over this removed action, which must be remanded.

## II.

Judge Africk previously denied McMillin's motion for attorney's fees and costs pursuant to 28 U.S.C. 1447(c).  McMillin again requests attorney's fees and costs pursuant to 28 U.S.C. 1447(c).

> The decision whether to award fees and costs in discretionary. Miranti v. Lee, 3 F.3d 925, 929 (5th Cir. 1993).  "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.  Conversely, when an objectively reasonable basis exists, fees

---

[11] *See, e.g.,* New York v. Pine, 185 U.S. 93, 98, 22 S.Ct. 592, 594, 64 L.Ed. 820 (1902)(where a party "has slept upon his right" and has failed to act with reasonable diligence to assert that right, the party cannot belatedly assert the right)(citing Smith v. Clay, 3 Bro. Ch. 639, note).

> should be denied." Martin v. Franklin Capital Corp., 546 U.S. 132, 126 S.Ct. 704, 711, 163 L. Ed. 2nd 547 (2005 (citing Hornbuckle v. State Farm Lloyds, 385 F.3d 538, 541 (5th Cir. 2004); Valdes v. Wal-Mart Stores, Inc., 199 F.3d 209, 293 (5th Cir. 2000).

McMillin v. Breen, C.A. No. 07-1149, (Africk, J.) r. d. #14, pp.5-6.

Having avoided sanctions in the form of attorney's fees and costs pursuant to 28 U.S.C. 1447(c) for his improvident removal of the state court executory action in C.A. No. 07-1149 less than 12 months ago, Breen pressed on and yet again removed a state court suit virtually identical to that previously removed and remanded. The newly removed suit was filed in St. Tammany Parish to execute against property owned by Breen in that parish and raises the same issues and arguments raised in Breen's Answer[12] and Opposition to Motion to Remand[13] filed in C.A. No. 07-1149: that the state court judgment in suit No. 2001-1867-G is invalid and unenforceable because it is the result of a violation of his constitutional due process rights.  The Court finds that Breen knowingly lacked an objectively reasonable basis for seeking removal of this case. McMillin is entitled to his attorney's fees and costs pursuant to 28 U.S.C. 1447(c).

---

[12] C.A. No. 07-1149, record document #2.

[13] Id., record document #9.

Accordingly,

**IT IS ORDERED** that McMillin's motion to remand, record document #8, is **GRANTED, and this matter is remanded to the 22nd Judicial District Court in St. Tammany Parish** for lack of subject matter jurisdiction; and,

**IT IS FURTHER ORDERED** that McMillin's motion for attorney's fees and costs pursuant to 28 U.S.C. 1447(c) is **GRANTED;** and,

**IT IS FURTHER ORDERED** that Defendant's Motion for Preliminary Injunction, record document #14, be carried with the case.

New Orleans, Louisiana, this 20TH day of March, 2008.

_____
**MARCEL LIVAUDAIS, JR.**
**Senior United States District Judge**